UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MICHAEL GERARD CONGDON,

    Plaintiff,

    v.

OFFICER LENKE, OFFICER T. OLIVER,

    Defendants.

Case No. CIV 08-1065RJB

ORDER NOTIFYING PLAINTIFF OF REQUIREMENTS TO RESPOND TO MOTION FOR SUMMARY JUDGMENT

The court, having considered the civil complaint and the files and records herein, does hereby notify plaintiff of the requirements to respond to defendants' motion for summary judgment.

(1) Defendants filed a motion for summary judgment under Fed.R.Civ.P. 56 on January 5, 2010.

(2) Plaintiff is notified that defendants have filed a motion for summary judgment. If one of the parties files a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for trial. In the event defendants file a motion for summary judgment by which they seek to have his case dismissed, plaintiff is notified that summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end his case.

Rule 56 tells plaintiff what he must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact–that is, if there is no real dispute about any fact that would affect the result of plaintiff's case, the party who asked

1  for summary judgment is entitled to judgment as a matter of law, which will end plaintiff's case. When a
2  party the plaintiff is suing makes a motion for summary judgment that is properly supported by
3  declarations (or other sworn testimony), plaintiff cannot simply rely on what his complaint says. Instead,
4  plaintiff must set out specific facts in declarations, depositions, answers to interrogatories, or
5  authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'
6  declarations and documents and show that there is a genuine issue of material fact for trial. If plaintiff
7  does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered
8  against him. If summary judgment is granted, plaintiff's case will be dismissed and there will be no trial.
9  *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

10  (3)  Defendants' motion for summary judgment was filed January 5, 2010. Plaintiff may file
11  an opposition to the motion for summary judgment, including declarations, depositions, answers to
12  interrogatories, or authenticated documents, by January 28, 2010, and shall provide a copy of any such
13  opposition to defendants' counsel by that date. If plaintiff does not file a opposition providing the
14  appropriate documentation as described above, judgment may be granted in defendants' favor. If
15  judgment is granted in defendants' favor, the case will be dismissed and there will be no trial. Counsel
16  for defendants may file any reply to the opposition not later than seven days after service of the
17  opposition.

18  (4)  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to
19  any party appearing *pro se* at said party's last known address.

20  DATED this 7th day of January, 2010.

*[signature: Robert J Bryan]*

Robert J Bryan
United States District Judge